# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ANGE DAVIS, individually and as Administrator of THE ESTATE OF JANIE MAE WASHINGTON, deceased,<br><br>   Plaintiffs,<br><br>v.<br><br>**GGNSC ADMINISTRATIVE SERVICES LLC d/b/a GOLDEN LIVING CENTER TIFTON,**<br><br>   Defendants. | Civil Action No. 7:17-CV-107 (HL) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 32), Defendant's Daubert Motion to Exclude Testimony of Dr. John H. Fullerton (Doc. 31), and Plaintiff's Motion to Exclude Defendant's Expert Witness David Retterbush, M.D. (Doc. 30). After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, and with the benefit of oral argument, the Court determines that there are genuine issues of material fact that must be resolved by a jury. The Court accordingly **DENIES** Defendant's Motion for Summary Judgment. The Court also **DENIES** both motions to exclude expert testimony.

## I. MOTIONS TO EXCLUDE

At the April 5, 2019 hearing, the Court heard oral arguments from both parties regarding the respective motions to exclude (Docs. 30, 31). After considering the parties' briefs, oral arguments, and the totality of the information available about Defendant's expert, Dr. Retterbush, and Plaintiff's expert, Dr. Fullerton, the Court found both experts to be qualified and their proposed testimony relevant. Consequently, Plaintiff's Motion to Exclude Defendant's Expert Witness David Retterbush, M.D. (Doc. 30) and Defendant's Daubert Motion to Exclude the Testimony of Dr. John H. Fullerton (Doc. 31) are **DENIED**.

## II. FACTUAL BACKGROUND

Before moving to the merits of the pending motions, the Court must address the parties' failure to comply with Local Rule 56. Local Rule 56 provides, in relevant part:

> The movant for summary judgment . . . shall attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried . . . . The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts . . . to which the respondent contends there exists a genuine dispute to be tried.

M.D. Ga. L.R. 56. Local Rule 56 is intended to instruct the parties how best to assist the Court in identifying genuine material facts which are in dispute. The rule in this circuit is that local rules are binding on the parties, but the

enforcement of the rule must be tempered with consideration of the circumstances. Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 924 (11th Cir. 1986). It must be noted, however, that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995).

Here, neither party abided by Local Rule 56. Instead, Defendant relies upon all pleadings filed with the Court, discovery and depositions on file with the Court, and all other evidence properly admitted before the Court as of the date of the summary judgment hearing. (Doc. 32, p. 1). Plaintiff also failed to attach a separate statement of material facts. In considering the circumstances, the Court finds that the materials presented by the parties provide a sufficiently developed record for the adjudication of Defendant's motion for summary judgment, especially when considering that facts and reasonable inferences must be construed in favor of the non-moving party. The Court has discerned the following facts from the documents, pleadings, and evidence on the record in the light most favorable to Plaintiff:

On January 5, 2011, Janie Mae Washington was admitted to Golden Living Center in Tifton, Georgia. Golden Living Center is a long-term care skilled nursing facility. Upon admission, Ms. Washington suffered from several medical issues: end-stage renal disease, diabetes, hyperlipidemia, anemia, Alzheimer's

disease, seizures, hypertension, and congestive heart failure. (Doc. 1-1, p. 5). In January 2014, Ms. Washington began to suffer from additional medical concerns. From 2014 to 2016, Ms. Washington began receiving nutrition through a percutaneous endoscopic gastrostomy (PEG) tube, required total assistance for all activities and daily living due to incontinence, and developed multiple sacral pressure ulcers. (Id. at pp. 5-6). On January 15, 2016, Ms. Washington passed away. (Id. at p. 6).

Ange Davis, Ms. Washington's daughter, filed this action in Tift County State Court on April 26, 2017, individually and in her capacity as Administrator of her mother's estate, alleging that the negligence and professional negligence of Defendant "in failing to prevent the injuries that Janie Mae Washington sustained while a resident at the Facility" resulted in her death. (Doc. 9-1, p. 3-4). Plaintiff's complaint pleads eight counts: Count One- Negligence Per Se Based upon Violation of Requirements for Long-Term Care Facilities at 42 C.F.R. § 483.1 *et. seq.*; Count Two- Violation of Requirements of the Georgia Bill of Rights for Residents of Long-term Care Facilities at O.C.G.A. § 31-8-100 *et seq.*; Count Three- General negligence; Count Four- Professional negligence; Count Five- Breach of Contract; Count Six- Imputed liability; Count Seven- Wrongful Death; Count Eight- Negligent hiring, retention, supervision and training. Defendant subsequently removed the complaint to this Court on June 9, 2017. This Court

previously denied Defendant's Motion to Dismiss. (Doc. 12). Defendant now moves for summary judgment, and the motion is ripe for review.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254–55. The court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

### IV. DISCUSSION

Defendant moves for summary judgment on three separate grounds. First, Defendant argues that Plaintiff does not have admissible expert testimony to support her negligence, Georgia Bill of Rights, and Breach of Contract claims. Second, Defendant argues that Plaintiff's negligence per se claim is improper as a private action and is not permissible under 42 C.F.R. § 483.1 *et seq.* Lastly,

5

Defendant argues that Plaintiff lacks sufficient evidence to establish a claim for professional negligence. Plaintiff disagrees, arguing that the testimony of Dr. Fullerton supports her negligence, Georgia Bill of Rights, and breach of contract claims. Plaintiff further avers that her negligence per se claim is proper, and that she has enough evidence to support her professional negligence claim. With the question of admissibility of the testimony of Plaintiff's expert witness foreclosed by the Court's oral ruling, Plaintiff's negligence per se and professional negligence claims are the only issues remaining.

    A. <u>Plaintiff's Negligence Per Se Claim</u>

Defendant argues that Plaintiff's negligence per se claim must be dismissed because Congress did not intend to create a private right of action under 42 C.F.R. § 483.1 *et seq*. Specifically, Defendant takes issue with language in Count One of Plaintiff's complaint which Defendant argues goes beyond a negligence per se claim based on a federal regulation and is, in actuality, a private cause of action under 42 U.S.C. § 1395i-3. Defendant relies on <u>Brogdon ex rel. Cline v. Nat'l Healthcare Corp.</u>, 103 F. Supp. 2d 1322 (N.D. Ga. 2000) and a subsequent case decided by the Georgia Court of Appeals, <u>McLain v. Mariner Health Care, Inc.</u>, 279 Ga. App. 410 (2006), in support of its argument that this type of claim is not permissible. But the two cases are distinguishable from the facts of the case at hand.

In Brogdon, present and deceased residents of a long-term health care facility filed suit against the owners of the facility for allegedly failing to provide basic and minimally required levels of care. 279 Ga. App. at 1324. Two of the twelve counts asserted in the plaintiffs' initial complaint alleged violations of federal standards required for participating nursing homes under 42 U.S.C.A. § 1395i-3 (Medicare) and 42 U.S.C.A. § 1396r (Medicaid). Id. at 1326. Plaintiffs explicitly contended that they had a right to sue to enforce compliance with federal standards imposed under the Medicare and Medicaid Acts as residents of nursing homes. Id. at 1330. The defendants moved to dismiss the federal claims on the basis that the regulations precluded plaintiffs from doing so, and the court granted the motion based on its finding that the federal standards imposed under the Medicare and Medicaid Acts do not create a private cause of action to enforce those regulations. Id. at 1332.

The court explained that "[t]o be certified under the Medicare program, a facility must comply with various requirements set forth at 42 U.S.C.A. § 1395i-3(b)-(d), and the federal regulations found in 42 C.F.R. § 483.1 *et seq*." Id. at 1327. The court also explained at length the purpose and legislative history of 42 U.S.C.A. §§ 1395i-3, 1396r, known as the Federal Nursing Home Reform Act, which was passed in 1987 as part of the Omnibus Budget Reconciliation Act ("OBRA") "to provide oversight and inspection of nursing homes that participate in Medicare and Medicaid programs." Id. Although the court found that the

7

Medicare and Medicaid Acts were enacted to benefit recipients such as the plaintiffs and conferred upon them certain federal rights, those rights did not include the right to a private cause of action. Id. at 1330.[1] Consequently, the court granted the defendants' motion to dismiss as to counts one and two of the plaintiffs' complaint based on the conclusion that "Congress did not inten[d] to create a private cause of action that would entitle nursing home residents to enforce Medicare and Medicaid participation standards." Id. at 1332.

Six years later, the Georgia Court of Appeals distinguished Brogdon in deciding McLain v. Mariner Health Care, Inc., 279 Ga. App. 410 (2006). In McLain, the daughter of a nursing home resident filed suit against the facility to recover for her father's wrongful death and other injuries he sustained while living at the facility. The plaintiff asserted several claims, including a negligence per se claim based on violations of 42 C.F.R. § 483.10 *et seq*. 279 Ga. App. at 410. In reversing the trial court's dismissal of plaintiff's negligence and negligence per se claims, the court of appeals explained how the plaintiff's case differed from the facts present in Brogdon: "Although McLain's complaint alleges violations of regulations promulgated under the Medicaid and Medicare statutes, the complaint makes no attempt to set forth a private cause of action under them." Id. at 411; see also Id. at n.7 (comparing the court's dismissal of plaintiffs' complaint in Brogdon in which a private cause of action was attempted under the Medicare

---

[1] It should be noted that the court also acknowledged "that Congress did not intend to preclude residents from pursuing common law remedies." Id. at 1331.

8

and Medicaid Acts). The court reasoned that a violation of a federal regulation is an appropriate basis for a negligence per se claim as it "can likewise establish that a defendant breached a duty owed to a plaintiff as a matter of law." Id. at 411-412.

Here, even though Count One of Plaintiff's complaint makes reference to the OBRA statute, the reference alone does not alter the clear meaning of Plaintiff's claim as it appears on the face of her well-pleaded complaint. The Court finds the reasoning in McLain persuasive, and, like the Georgia Court of Appeals, finds that Plaintiff's complaint in this case is distinguishable from the plaintiffs' complaint in Brogdon in which a private right of action under the Medicare and Medicaid regulations was explicitly asserted. The portion of Count One of Plaintiff's complaint that Defendant takes issue with states as follows:

> The U.S. Department of Health and Human Services has promulgated a number of regulations pursuant to its authority under OBRA at 42 USCA § 1395i-3 related to the care, treatment, and services provided to residents of skilled nursing facilities participating in the Medicare program and nursing facilities participating in the Medicaid program.

(Doc. 1-1, p. 7). The Court disagrees with Defendant's argument that mere reference to the OBRA statute in Count One is an attempt to assert a private right of action under the statute. Rather, in reading the plain language of Plaintiff's complaint, the Court finds that Count One is a properly asserted negligence per se claim based on a violation of 42 C.F.R. § 483.1 *et seq.*, and

9

Plaintiff's mention of the OBRA statute is to provide supplemental information as to the origin of the regulations that form the basis of her negligence per se claim.

As stated in McLain:

> Generally, a plaintiff may assert a claim of negligence per se arising from violations of federal or state statutes as long as (1) that plaintiff falls within the class of persons the statute was intended to protect; (2) the harm complained of was the same harm the statute was intended to guard against; and (3) the violation of the statute proximately caused the plaintiff's injury. . . ."[I]t is sufficient if the violation is capable of having a causal connection with the injury and [the] damage inflicted. It is not essential that the injury inevitably flow from the violation."

279 Ga. App. at 411–12. As in McLain, Plaintiff here is asserting a negligence per se claim based on a violation of 42 C.F.R. § 483.1 *et seq.*, which is proper under Georgia law. Plaintiff's mother, Ms. Washington, belongs to the class of persons the statute was intended to protect as she was a resident of a long-term care facility, the alleged harm she suffered was of the same harm the regulations were intended to protect against, and even if, at this juncture, the Court cannot say with certainty that Defendant's violation of those regulations proximately caused the injuries suffered by Plaintiff's mother, a causal connection exists between the violation and the harm suffered. Accordingly, Defendant's Motion for Summary Judgment as to Count One of Plaintiff's complaint must be **DENIED**.

B. <u>Plaintiff's Professional Negligence Claim</u>

Defendant argues that because Plaintiff's own expert testified in his deposition that he could not say whether or not any of Ms. Washington's treating physicians breached the standard of care, her professional negligence and negligent hiring, training, and retention claims must fail. Plaintiff disagrees and states that Defendant's argument is nothing more than a red herring. Specifically, Plaintiff avers that her medical malpractice claim is properly asserted against the facility itself and, under Georgia law, she is not required to prove that a medical professional, such as a doctor, breached the standard of care in order for her claims to stand. Instead, Plaintiff argues that "the Defendants and their nursing home are the professional." (Doc. 37, p. 11).

Defendant's motion for summary judgment on this issue consists of a single paragraph that is noticeably void of any citation to legal authority. (Doc. 32-1, pp. 4-5). Instead, Defendant focuses solely on one excerpt from the deposition of Plaintiff's expert, Dr. Fullerton, in which Dr. Fullerton states that he cannot say with certainty that any of Ms. Washington's treating physicians breached the standard of care. But a plaintiff may bring a professional negligence claim against a number of professionals, as outlined in O.C.G.A. § 9-11-9.1. Further, a plaintiff may bring a claim against a licensed healthcare facility based on the allegation that the facility is vicariously liable for the professional malpractice of a health care professional employed by the facility through the

11

doctrine of respondeat superior, which is what Plaintiff argues here. Legum v. Crouch, 208 Ga. App. 185, 187 (1993).[2]

Here, Plaintiff filed her complaint and attached the affidavit of her medical expert, Dr. John H. Fullerton. In his affidavit, Dr. Fullerton opines that "to a reasonable degree of medical certainty, GLC and its employees, nurses, and staff negligently departed from the standard of care and were negligent as described above in this Affidavit, and these departures from the standard of care proximately caused the decubitus ulcers of the sacrum, and as a result, Ms. Washington's death." (Doc. 36-2, pp. 7-8). Although, as Defendant argues, Plaintiff's Complaint is generic and non-specific as to her professional negligence claim, Defendant has failed to show it is entitled to judgment as a matter of law. In fact, Defendant's cursory argument is nothing more than a mere conclusory allegation or legal conclusion. Thus, Defendant has not met its burden in showing an absence of dispute as to any material fact, and summary judgment is not appropriate on this claim.

---

[2] O.C.G.A. § 9-11-9.1 requires that a plaintiff who files a professional negligence claim must file an expert affidavit along with the complaint setting forth the factual basis of the case. However, federal district courts in the Eleventh Circuit have rejected the argument that this expert affidavit pleading requirement applies in federal diversity cases. See e.g., Callaway v. O'Connell, 44 F. Supp. 3d 1316, 1329 n.7 (M.D. Ga. 2014) ("The Court recognizes the requirement that a plaintiff attach an expert affidavit to his complaint in a professional malpractice action pursuant to [Georgia's statute] does not apply in federal court.").

## V. CONCLUSION

For the reasons addressed above, Defendant's Motion for Summary Judgment (Doc. 32) is **DENIED**. The Court also **DENIES** Plaintiff's Motion to Exclude Defendant's Expert Witness David Retterbush, M.D. (Doc. 30) and Defendant's Motion to Exclude the Testimony of Dr. John H. Fullerton (Doc. 31). This case shall be placed on the Court's next available trial calendar.

**SO ORDERED**, this 26th day of August, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm